## DAVIS et al. v. SECURITIES AND EXCHANGE COMMISSION.
### No. 7003.

Circuit Court of Appeals, Seventh Circuit.
Jan. 4, 1940.

Rehearing Denied Feb. 5, 1940.

Justus Chancellor and Justus Chancellor, Jr., both of Chicago, Ill., for appellants.

Thomas B. Hart, of Chicago, Ill. (Chester T. Lane, Gen. Counsel, Securities and Exchange Commission, and Christopher M. Jenks, Asst. Gen. Counsel, both of Washington, D. C., W. McNeil Kennedy, of Chicago, Ill., and John Logan O'Donnell, of Washington, D. C., of counsel), for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment of criminal contempt entered June 22, 1939, for disobedience of a final decree of April 14, 1938. By this decree, defendants and others, including the Universal Order of Plenocrats, an unincorporated association, and the members thereof, were enjoined from obtaining memberships, applications and subscriptions in and from financing "Plenocracy" in violation of Section 17 of the Securities Act of 1933, § 77a et seq., Title 15 U.S.C.A. On appeal, this decree was affirmed by this court (Securities and Exchange Commission v. Universal Service Association et al., 7 Cir., 106 F.2d 232) where the facts are fully reviewed, and it would serve no useful purpose for us to repeat what was there said.

On March 3, 1939, the appellee, as relator, filed in the District Court a petition for rule to show cause why the defendants and others should not be held in criminal contempt for violating the decree of April 14, 1938. It was alleged in substance that the defendants had continued to use the mails and instrumentalities of interstate commerce to solicit "contributions" for Plenocracy under an "Application for Demonstrations in Nature" without having complied with the registration requirements of the Securities Act, and that the selling of such applications constituted a violation of the decree. The "Application for Demonstrations in Nature" was not used until after the decree was entered and, therefore, was not previously before this court. It is apparent, however, that the method of operation merely represented a change in form and not in substance. Shortly after the entry of the decree, a pamphlet was issued and distributed entitled "Plenocracy

Baffles the Court." The program was set forth in detail and the court was severely criticised for its inability to grasp the beneficent work in which the defendants were engaged. We are satisfied that the remodel plan was clearly within the inhibition of the injunction and violative thereof. The evident purpose was to evade terms of the decree. In this it failed. It was the same false and fraudulent program appearing in a new garb.

The essential contention presented by the defendant Davis is that he was subjected to an unreasonable search and seizure and compelled to be a witness against himself in violation of the Fourth and Fifth Amendments to the Constitution, U.S.C.A. He also claims he was entitled to statutory immunity under the Securities Act, 15 U. S.C.A. § 77v(c) and, that the court erred in denying his demand for the retirement of the judge before whom the proceeding was heard. As to the defendant, Universal Service Association, a corporation, it is contended there is no evidence sufficient to sustain its conviction.

■ On June 17, 1939, a subpoena duces tecum, directed to the defendant, Universal Service Association, a corporation, was served upon defendant Davis, calling for the production of certain designated books, records and correspondence. There is some conflict as to whether the subpoena was served upon Davis or his secretary, but this we regard as immaterial. It was his secretary who responded to the subpoena and produced in court the records called for. It is the contention of Davis that these records belonged to him personally and that their production and use was violative of his constitutional rights. It is argued that Davis had severed all connection with the Universal Service Association, a corporation, to which the subpoena was directed. Even if so, it does not necessarily follow that the records produced were personal to Davis and, therefore, not admissible against him. Even if they were not the records of the corporation they were plainly those of the Universal Order of Plenocrats of which Davis was secretary. The Securities Act, § 77b (2), U.S.C.A. Title 15, in defining a person, includes an association. Such association is amenable to the provisions of the Act the same as though incorporated. Under such circumstances, we think there can be no question but that the books and records of such association may properly be brought into court by subpoena and used as evidence against an officer or agent thereof. Brown v. United States, 276 U.S. 134, 142, 48 S.Ct. 288, 72 L.Ed. 500; Schenck v. United States, 249 U.S. 47, 50, 39 S.Ct. 247, 63 L.Ed. 470.

■ We shall not enter into a detailed discussion of the evidence. It is sufficient to state that so far as the defendant Davis is concerned, it discloses a flagrant and apparently an intentional violation of the decree. His attitude is aptly disclosed in a letter under date of June 3, 1938, addressed to one of his fellow Plenocrats and signed by him as secretary of the "Universal Order of Plenocrats" in which appears this statement: "What do we care about the injunction being sustained all along the line? There is nothing under the heavens that man can do to stop Plenocracy and you should be able to see it by this time."

In the year following the injunction, April 14, 1938 to April 30, 1939, 598 new members sent in applications calling for contributions of $290,920, of which $133,-690 was actually received in cash.

■ In view of our conclusion that there was no violation of the constitutional rights of Davis, it follows that the section of the Securities Act, 15 U.S.C.A. § 77v(c), providing for immunity, is without application. In addition, this is not a "cause or proceeding" instituted by the Commission as is contemplated thereby.

■ At the noon recess on the first day of the hearing in the contempt proceeding, defendant Davis filed an affidavit in which he charged the trial judge had a personal bias and prejudice against him and in favor of the Commission. He now contends that the refusal of the judge to retire from the case constitutes reversible error. It is argued by the defendant that Section 112, Title 29 U.S.C.A. is applicable; while it is argued by the relator that the matter must be determined in accordance with Section 25, Title 28 U.S.C.A. The former provision is contained in the Act of March 23, 1932, which limits the jurisdiction of Federal Courts with reference to injunctions in cases involving or growing out of labor disputes. We do not think it is applicable in the instant situation, but whether it is or not is immaterial for the reason that the affidavit was not filed until after the hearing had commenced. For that reason, if no other, the court was justified in refusing to retire.

There are no facts disclosed in the affidavit showing a proper excuse for the delay in making the charge against the judge—in fact, the same charge based upon substantially the same facts was made at the original hearing. The alleged bias of the judge was assigned as error and was considered by this court, wherein we said: "We find no evidence of the existence of the charged bias." 7 Cir., 106 F.2d 232, 239.

■ As to the defendant, Universal Service Association, a corporation, we must conclude after a careful scrutiny of the record, that there is, in our judgment, no evidence which would justify the finding that it had violated the decree and was guilty of contempt. A judgment of ouster was entered against this corporation by the Circuit Court of Cook County on February 14, 1936. As pointed out in our former opinion, the work of this corporation was continued under divers names. Appellee seems to proceed on the theory that the evidence adduced at the original hearing is sufficient to justify the conclusion that the corporation continued its activities after the decree. In appellee's brief, it is stated: "It has never been denied that this educational work is conducted by the corporation." We are not concerned, however, with what might have been denied, but only with what was proven with reference to the activities of this defendant subsequent to the entry of the decree. The fact that it was found to have violated the law and enjoined from its further violation does not furnish ground for a finding of contempt without proof that the violation was continued after the entry of the enjoining decree. As stated, the evidence in this respect is insufficient.

■ Defendants attack the Securities Act as being unconstitutional. It is argued that it contains an unlawful delegation of legislative, executive and judicial powers. It would serve no good purpose for us to enter into a discussion of the many points raised in this respect. The validity of the Act has frequently been upheld. Securities and Exchange Commission v. Crude Oil Corporation of America, 7 Cir., 93 F.2d 844, and cases therein cited. We are of the opinion that the Act is a valid exercise of the powers of Congress.

The judgment is affirmed as to the defendant C. Franklin Davis, and reversed as to the defendant Universal Service Association, a corporation.