215 F.2d 601
 Harold N. LOVVORN, doing business under the firm name of Cotton Mill Warehouse, and Cotton Mill Warehouse, and Harold N. Lovvorn, Individually,
v.
Tollie MILLER.
 No. 14894.
 United States Court of Appeals Fifth Circuit.
 September 3, 1954.
 
 John H. Todd, Memphis, Tenn., W. W. Malone, Jr., Malone & Malone, Athens, Ala., for appellants.
 Jack Giles and Thomas D. McDonald, Huntsville, Ala., for appellee.
 Before HOLMES, and STRUM, Circuit Judges, and THOMAS, District Judge.
 THOMAS, District Judge.
 This is an action brought pursuant to 29 U.S.C.A. § 216(b), seeking compensation for alleged unpaid minimum wages and overtime, as provided for in 29 U.S. C.A. §§ 206 and 207. Plaintiff, a night watchman in a cotton warehouse, also sought liquidated damages and attorney's fees. The case was submitted for final judgment upon the pleadings and a stipulation of the facts. The district judge, after allowing certain partial defenses, entered judgment for the plaintiff in the amount of $142 and attorney's fees. From this judgment the defendant appealed.
 Among the defenses relied upon by the defendant was a claim of complete exemption under 29 U.S.C.A. § 213(a) (10), in that the definition of "area of production (as defined by the Administrator)" was invalid. The district judge, although allowing the partial exemption for seasonal employment,[1] held the Administrator's definition valid and concluded that the defendant was not entitled to the complete exemption under section 213(a)(10). It is upon this alleged error of the district judge that we think the case is to be decided.
 The stipulations disclose that the plaintiff was employed in a cotton warehouse located in a town of 6,309 population (in excess of 2,500 population) in an area having a high volume of cotton production; that over 95% of all cotton received in the warehouse each month was grown within twenty airline miles of the warehouse; that nearly all cotton stored in the warehouse was owned by the farmers who grew it; that more than 200 bales of cotton are grown each year within the city limits of the town.
 Section 213(a)(10) of 29 U.S.C.A. reads: "The provisions of sections 206 and 207 of this title shall not apply with respect to * * * any individual employed within the area of production (as defined by the Administrator), engaged in * * * storing * * * in their raw or natural state * * * of agricultural or horticultural commodities for market * * *." (Emphasis ours.)
 The applicable provisions of the definitive regulation promulgated by the Administrator under this section are:
 "(a) An individual shall be regarded as employed in the `area of production' within the meaning of Section 13 (a) (10) of the Fair Labor Standards Act in * * * storing * * * in their raw or natural state * * * of agricultural or horticultural commodities for market * * *:
 "(1) If the establishment where he is employed is located in the open country or in a rural community and 95 percent of the commodities on which such operations are performed by the establishment come from normal rural sources of supply located not more than the following air line distances from the establishment:
 * * * * * *
 "(iii) With respect to the storing of cotton * * * 20 miles;
 * * * * * *
 "(b) For the purposes of this section:
 "(1) `Open country or rural community' shall not include any city, town or urban place of 2,500 or greater population * * *." 29 C.F.R. 536.2.
 The specific question with which we are confronted is the validity of the administrative regulation excluding from the area of production any establishment located in towns in excess of 2,500 population.
 In Addison v. Holly Hill Fruit Products, Inc., 322 U.S. 607, at page 619, 64 S.Ct. 1215, at page 1222, 88 L.Ed. 1488, the court, excluding from consideration the 2,500 population test, but holding invalid the administrator's exclusion of establishments having in excess of seven employees, stated, "Concluding, then, that when Congress granted exemptions for workers within the `area of production (as defined by the Administrator)' it restricted the Administrator to the drawing of geographic lines, even though he may take into account all relevant economic factors in the choice of areas open to him, the regulations which made discriminations within the area defined by applying the exemption only to plants with less than seven employees are ultra vires."
 The statute by giving to the Administrator the authority and duty to define the "area of production" contemplates that the area will be delimited; but here we must determine whether, after having fixed the boundaries of the area of production, the administrator may proceed further and exclude from the exemption establishments located within the geographic boundaries because of the existence of other conditions. We do not think so. When reasonable geographic lines of the area of production have been established, the act makes the exemption effective within that area. Because of the close analogy between the regulation which limited the number of employees in a plant, declared invalid in the Holly Hill case, and the regulation with which we are concerned, which excludes establishments located within a town having 2,500 or more population, we hold the latter definition invalid.
 Though this particular point has not previously come before the Fifth Circuit, the thinking of this court was set forth in the case of Jenkins v. Durkin, 208 F.2d 941. In that case, this court agreed, and we now hold, that said definition is invalid. See dissenting opinion of Judge Pickett of the Tenth Circuit in Tobin v. Traders Compress Co., 199 F.2d 8, at page 11.[2]
 As stated by Mr. Justice Frankfurter in the Holly Hill case, supra: "But that leaves the difficult problem of the proper disposition of the case."
 In the Holly Hill case, the court said, in the last paragraph on page 618 of 322 U.S., on page 1221 of 64 S.Ct.: "We agree therefore with the Circuit Court of Appeals in holding invalid the limitations as to the number of employees within a defined area. But we cannot follow that Court in deleting this part of the administrative regulation and, by applying what remains of the definition, exempting Holly Hill's employees from the requirements of the Act. Since the provision as to the number of employees was not authorized, the entire definition of which that limitation was a part must fall. We can hardly assume that the Administrator would have defined `area of production' merely by deleting the employee provision, had he known of its invalidity. It would be the sheerest guesswork to believe that elimination of an important factor in the Administrator's equation would have left his equation unaffected even if he did not here insist upon its importance. It is not for us to write a definition. That is the Administrator's duty."
 It is our opinion based upon Mr. Justice Frankfurter's reasoning in the Holly Hill case, that although the Administrator's definition of "area of production" is invalid because of the 2,500 population feature, we are not authorized to rewrite the definition, eliminating that factor. This necessitates this case being remanded to the district court with instructions to hold it until the Administrator, by making a valid determination of the area with all deliberate speed, acts within the authority given him by Congress. Chief Judge Rice of the Eastern District of Oklahoma quite clearly expressed this line of reasoning in the case of Messenger v. Traders Compress Co., 107 F.Supp. 354,[3] in his conclusion of law No. 5, page 360.
 The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.
 Reversed and Remanded.
 
 
 1
 Judge Strum sat during the oral argument of this case, but died before the opinion was written.
 
 
 
 Notes:
 
 
 [1]
 29 U.S.C.A. § 207(b) (3)
 
 
 [2]
 Certiorari denied 344 U.S. 909, 73 S.Ct. 329, 97 L.Ed. 701, rehearing denied 344 U.S. 931, 73 S.Ct. 494, 97 L.Ed. 717
 
 
 [3]
 Same case as Tobin v. Traders Compress Co., 109 F.2d 8